ORIGINAL

Park61.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

FILED
DISTRICT COURT OF GUAM
MAY 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
MAY 1 6 2007
MARY L.M. MORAN
CLERK OF COURT

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

UNITED STATES OF AMERICA,       )       CRIMINAL CASE NO. 06-00102
                                )
            Plaintiff,          )
                                )       **AMENDED**
        vs.                     )       **PLEA AGREEMENT**
                                )
JIN WOO PARK,                   )
                                )
            Defendant.          )
_____)

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JIN WOO PARK,
enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with Fraud
in Connection with Identification Documents, in violation of Title 18, United States Code,
Sections 2 and 1028(a)(6)

2(a) The defendant, JIN WOO PARK, further agrees to fully and truthfully cooperate
with Federal law enforcement agents concerning their investigation of fraudulently issued Guam
drivers licenses, illegal employment of aliens, and related unlawful activities. Cooperation shall
include providing all information known to defendant regarding any criminal activity, including
but not limited to the offense(s) to which he is pleading guilty. Cooperation will also include

- 1 -

1 complying with all reasonable instructions from the United States; submitting to interviews by
2 investigators and attorneys at such reasonable times and places to be determined by counsel for
3 the United States; producing to the United States all non-privileged documents (including
4 claimed personal documents) and other materials in the possession, custody or control of
5 defendant requested by attorneys and agents of the United States; and testifying fully and
6 truthfully before any grand juries, hearings, trials or any other proceedings where defendant's
7 testimony is deemed by the United States to be relevant. Defendant understands that such
8 cooperation shall be provided to any state, territorial, local or federal law enforcement agencies
9 designated by counsel for the United States. Further, it is understood and agreed that defendant
10 shall not directly, indirectly, or intentionally disclose anything defendant knows or had done
11 concerning the United States' investigation to anyone other than defendant's attorney. Defendant
12 agrees to take no steps directly or indirectly to warn any subject of this investigation that
13 defendant, a subject or anyone else is being investigated.

14    2(b) The United States will make this cooperation known to the Court prior to the
15 defendant's sentencing. The defendant further understands that he remains liable and subject to
16 prosecution for any criminal schemes of which he does not fully advise the United States, or for
17 any material omissions in this regard.

18    2(c) This agreement is not contingent in any way upon the outcome of any investigation,
19 proceeding or subsequent trial. Thus, none of the rights and obligations described above are in
20 any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the
21 success of any prosecution.

22    2(d) Except as otherwise herein provided, and in particular in Paragraph 9 of this plea
23 agreement, the United States agrees not to prosecute defendant for any other non-violent
24 offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI)
25 which defendant reveals to Federal authorities during his cooperation with the United States.
26 This agreement is limited to crimes committed by defendant in the districts of Guam or the
27 CNMI.

28

-2-

3. The defendant, JIN WOO PARK, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in activities related to the illegal issuance of Guam drivers licenses, the illegal employment of aliens, and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4(a) The defendant, JIN WOO PARK, understands that the maximum sentence for Fraud in Connection with Identification Documents is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

4(b) If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

4(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Fraud in Connection with Identification Documents as charged pursuant to 18 U.S.C. § 1028(a)(6), the government must prove each of the following elements beyond a reasonable doubt.:

> First: the defendant possessed an identification document or authentication feature;

-3-

| | |
|---|---|
| 1 | Second: this identification document or authentication feature |
| 2 | appeared to be an identification document or authentication feature of the United States; |

1

2

      Second: this identification document or authentication feature appeared to be an identification document or authentication feature of the United States;

3

      Third: this identification document or authentication feature was produced without lawful authority; and

4

5

      Fourth: the defendant knew that such document or feature was produced without such authority.

6        To be found guilty of Fraud in Connection with Identification Documents by aiding and

7 abetting in the commission of the offense, the government must prove beyond a reasonable

8 doubt:

      First: that the crime of Fraud in Connection with Identification

9      Documents was committed by someone;

10      Second: the defendant knowingly and intentionally aided, induced and procured that person to commit each element of the offense of

11      Fraud in Connection with Identification Documents;

12      Third: the defendant acted before the crime was completed.

13        6.  The defendant agrees that the Sentencing Guidelines apply to this offense. The

14 defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,

15 in calculating the applicable guidelines level. The Government and the defendant stipulate to the

16 following facts for purposes of the Sentencing Guidelines:

17        (a)  The defendant was born in 1974, and is a citizen of Korea.

18        (b)  If the defendant cooperates with the United States by providing information

19 concerning the unlawful activities of others, the government agrees that any self-incriminating

20 information so provided will not be used against defendant in assessing his punishment, and

21 therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used

22 in determining the applicable guidelines range.

23        (c) The defendant entered Guam May 13, 2003, on a Guam Tourist Visa Waiver, and

24 failed to return to Korea within 15 days. Instead, he remained on Guam illegally. Because he

25 was in the United States illegally, he was not eligible to secure a U.S. social security number or a

26 U.S. taxpayer identification number (TIN) or any other document issued by the United States

27 which would evidence his right to remain in the United States.

28

-4-

The Guam Motor Vehicle Division (MVD) regulations prohibit an alien from receiving a Guam drivers license unless he has proof that he is entitled to be in the United States, as evidenced either by an original social security card, an original, notarized letter from the Social Security Administration authenticating his social security number, or an original letter from the Internal Revenue Service assigning him a TIN.

Defendant knew that drivers licenses could be illegally procured from the MVD. Defendant knew that he had no social security number or other form of authentic United States identification, so that he would have to obtain the license using fraudulent documents.

~~In December 2005~~ ~~Last year~~ December 2005 Eun Young Lee, aka Cho, (hereinafter Lee) was arrested for securing two fake Guam drivers licenses for two people working undercover for ~~us~~ the government. For years ~~we have~~ the government has known that MVD officials are selling licenses. Lee is employed by UOG to administer the Korean MVD written test; UOG has a contract with MVD to provide these services. Lee secured a letter from William Limtiaco, owner of Wheels Driving School, to the effect defendant had passed the Wheels course, which she included in the application. In fact, defendant had never taken such a course. Lee presented to an unidentified MVD inspector a falsified letter from the Internal Revenue Service, purporting to assign TIN 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 to defendant. In fact, this TIN belonged to a Stateside resident, Aracely Guitierrez. Lee advised him to go to the University of Guam to take the written MVD test, which he did on July 23, 2004.

Later, Lee told defendant to meet her at the MVD on July 27, 2004. When he met Lee there, she escorted him through the process of the eye examination and photo session. He received an MVD printout reflecting the biographical data which would be printed on his driver's license. The data showed "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" as his "Social Security/ID No." Defendant took the printout to the MVD cashier, paid for his license, and returned it to an MVD inspector, whereupon he was issued Guam driver's license # 122 810 8151., reflecting the TIN of Guitierrez. Defendant did not know the exact method Lee employed to obtain this illegal license.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing

-5-

1 Guidelines. The defendant acknowledges that should there be discrepancies in the final
2 sentencing guidelines range projected by his counsel or any other person, such discrepancies are
3 not a basis to withdraw his guilty plea.

4       7. The defendant understands that this plea agreement depends on the fullness and
5 truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should
6 fail to fulfill completely each and every one of his obligations under this plea agreement, or make
7 material omissions or intentional misstatements or engage in criminal conduct after the entry of
8 his plea agreement and before sentencing, the government will be free from its obligations under
9 the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has
10 pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other
11 crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting
12 authorities, whether Federal, State, or Local, shall be free to use against him, without limitation,
13 any and all information, in whatever form, that he has provided pursuant to this plea agreement
14 or otherwise; defendant shall not assert any claim under the United States Constitution, any
15 statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of
16 Evidence, or any other provision of law, to attempt to bar such use of the information.

17       8. Defendant understands that whether he has completely fulfilled all of the obligations
18 under this agreement shall be determined by the court in an appropriate proceeding at which any
19 disclosures and documents provided by defendant shall be admissible and at which the United
20 States shall be required to establish any breach by a preponderance of the evidence. In
21 determining whether there has been a breach, the parties agree that any polygraph results and the
22 polygrapher's conclusions and opinions shall be admissible.

23       9. In exchange for the Government's concessions in this plea agreement, the defendant
24 waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal
25 the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity
26 of the Sentencing Guidelines. The defendant agrees that the government has bargained for a
27 criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction

28

-6-

1  is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders
2  the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a
3  guilty plea to another charge encompassing the same or similar conduct. In such event,
4  defendant waives any objections, motions or defenses based upon the Statute of Limitations,
5  Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6      10. The defendant acknowledges that he has been advised of his rights as set forth below
7  prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has
8  had sufficient opportunity to reflect upon, and understands the following:

9      (a) The nature and elements of the charge and the mandatory minimum penalty provided
10  by law, if any, and the maximum possible penalty provided by law;

11      (b) His right to be represented by an attorney;

12      (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the
13  right to be represented by counsel, the right to confront and cross-examine witnesses against him,
14  and the right not to be compelled to incriminate himself, that is, the right not to testify;

15      (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to
16  which such plea is entered so that by entering into this plea agreement, he waives, that is, gives
17  up, the right to a trial;

18      (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure
19  11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court
20  does not accept the sentencing recommendations of the government or his counsel;

21      (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions
22  about the offenses to which he has pled, under oath, and that if he answers these questions under
23  oath, on the record, his answers may later be used against him in prosecution for perjury or false
24  statement if an answer is untrue;

25      (g) That he agrees that the plea agreement is voluntary and not a result of any force,
26  threats or promises apart from this plea agreement;

27      (h) The defendant is satisfied with the representation of his lawyer and feels that his

28

-7-

1  lawyer has done everything possible for his defense;

2      (i) That this plea agreement has been translated into his native language and he fully

3  understands it.

4

5  DATED: _5-15-07_

6  JIN WOO PARK
   Defendant

7

8

9  DATED: _5-15-07_

10  SAMUEL S. TEKER
    Attorney for Defendant

11

12  LEONARDO M. RAPADAS
    United States Attorney
13  Districts of Guam and NMI

14  DATED: _5/15/07_      By:

15  KARON V. JOHNSON
    Assistant U.S. Attorney

16

17

18  DATED: _5/15/07_

19  JEFFREY J. STRAND
    First Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28

-8-